**STATE, Plaintiff-Appellee, v. COOPER et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2345. Decided November 17, 1955.

Mathias H. Heck, Pros. Atty., John R. Hoover, Asst. Pros. Atty., Dayton, for plaintiff-appellee.

Stewart & Cromer, Dayton, by Clarence J. Stewart, of Counsel, for defendants-appellants.

(COLLIER, J, of the Fourth District sitting by designation in the Second District.)

## OPINION

By THE COURT:

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury finding the defendants guilty of the charge of cutting with intent to wound. The errors assigned are:

1. That the verdict of the jury and the judgment of the court is manifestly against the weight of the evidence.

2. The court erred in its charge to the jury in its general charge and its supplemental charge, given while said jury was in process of deliberation.

With reference to the first assignment of error we have examined the entire record and find that the complaining witness, Gene Confer, operated a cigar store and smokery in the City of Dayton, in which cards were played by the patrons. There is substantial evidence in the record to establish that Velton Cooper, one of the defendants, was at the place of business at about seven P. M. and was refused permission to enter the game by Confer, the complaining witness; that an argument ensued and then Cooper left, saying that he would come back later; that about nine-thirty P. M. he returned, and was again refused permission to play cards. At this time Cooper called Confer vile names, dared him to step outside and fight; that he grabbed a pair of ice tongs from under the counter, placed them against the abdomen of Confer, and threatened to do violence to him. He left again saying he would return and get Confer later. He returned about 11:15 P. M., accompanied by the co-defendant, Charles Nickell. Several witnesses testified that these two men rushed in the place of business, knocked Confer from the stool on which he was sitting to the floor, and in the scuffle that ensued Nickell cut Confer with a knife; then Cooper seized the ice tongs and inflicted four lacerations upon the complainant, all of which required three hours of surgery. Counsel for the appellant urges that the ice tongs were back of the counter, and that since no one saw Cooper go behind the counter and get the tongs, that the State failed in its proof that the tongs were used by Cooper. However, several witnesses testified that they saw the tongs in the hands of Cooper, and saw him inflict blows with them upon the body of Confer. We find substantial evidence in the record which tends to establish that these defendants were the aggressors in the fight, came back to the premises at eleven

P. M. with the sole purpose of engaging in a fight with Confer, which they did. In the light of all this testimony we cannot say that the verdict is against the manifest weight of the evidence.

With reference to the second assignment of error, counsel for the appellant only has the following remark to make in his brief with reference to the same, to-wit: "The Court will further understand by reading a copy of the court's charge, that it was misleading and did not fully explain the elements of assault and battery or accident to the jury and is therefore prejudicial to the defendants-appellants." We have examined the entire charge and find that it correctly states the law applicable to the factual situation presented. If the court did not fully explain the elements of assault and battery or accident, as urged by counsel for the appellant, clearly this would be an act of omission and not commission, and would not be prejudicial. See **State v. Tudor, 154 Oh St 249.**

We find no prejudicial error in the record and the judgment will be affirmed.

MILLER, PJ, HORNBECK and COLLIER, JJ, concur.